UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NAKIA CHANEY,

                              Plaintiff,
                                                              1:25-CV-1300
v.                                                            (GTS/DJS)

RAYBENS ENTEPRISES, a/k/a Green Facilities
Solutions; RAYTICE SPENCER; DONNA MACKEY;
JOSE MARRUCCI; ALBERTO PUERTAS; GREEN
FACILITIES SOLUTIONS, a/k/a Raybens Enterprises;
and STATE OF NEW YORK,

                              Defendants.

---

APPEARANCES:

NAKIA CHANEY
  Plaintiff, *Pro Se*
c/o Lisa Teamer
15-17 Third Street
Troy, New York 12180

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Nakia Chaney ("Plaintiff") against Raybens Enterprises, Green Facilities Solutions, Manager Jose Marrucci, employees Raytice Spencer, Donna Mackey, and Alberto Puertos, and the State of New York ("Defendants"), are the following: (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice, that Plaintiff's claims against Defendant Marrucci under Title VII be dismissed with prejudice, that Plaintiff's claims against Defendants Raybens Enterprises and Green

1

Facilities Solutions under Title VII be dismissed without prejudice for failure to exhaust his administrative remedies, and that Plaintiff's state law claims be dismissed without prejudice to refiling in state court within the governing limitations period; and (2) Plaintiff's Objections to the Report-Recommendations.  (Dkt. Nos. 9, 10.)

Even when construed with the utmost of special leniency, Plaintiff's one-page Objections contain no specific challenge[1] to any portion of the Report-Recommendation.   (*Compare* Dkt. No. 10 *with* Dkt. No. 9.)  In any event, even if Plaintiff's Objections could be liberally construed as containing specific challenges to various portions of the Report-Recommendation, the Court finds no error[2] in such portions, and no clear error[3] in the remaining portions of the Report-

---

[1]    To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3]    When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a

2

Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 9.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. (*Id.*)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 9) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 5) are **DISMISSED** **with prejudice**:

(1)    Plaintiff's claims under 42 U.S.C. § 1983 claims; and

(2)    Plaintiff's claims against Defendant Marrucci under Title VII; and it is further

**ORDERED** that Plaintiff's claims against Defendants Raybens Enterprises and Green Facilities Solutions under Title VII in his Amended Complaint (Dkt. No. 5) are **DISMISSED** **without prejudice**; and it is further

**ORDERED** that Plaintiff's state law claims in his Amended Complaint (Dkt. No. 5) are **DISMISSED** **without prejudice** to refiling in state court within the governing limitations period.

Dated: March 24, 2026
    Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

---

magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

3